**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| EUGENE A. SCURLOCK, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )     No. 4:20-cv-01614-SPM |
| | ) |
| MISSOURI HOUSING DEVELOPMENT | ) |
| COMMISSION, | ) |
| | ) |
|     Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff Eugene A. Scurlock's motion for leave to proceed in forma pauperis. (Docket No. 2). Having reviewed the motion, the Court finds that it should be granted. *See* 28 U.S.C. § 1915(a)(1). Additionally, for the reasons discussed below, the Court will direct the Clerk of Court to issue process on defendant Missouri Housing Development Commission.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as

true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is a self-represented litigant who brings this action pursuant to Title VII of the Civil Rights Act of 1964 (Title VII). He names as defendant the Missouri Housing Development Commission (MHDC). (Docket No. 1 at 2). Plaintiff alleges that the MHDC discriminated against him on the basis of his race, which is African American. (Docket No. 1 at 5, 9).

In the complaint, plaintiff states that he was employed by the MHDC as an accountant. (Docket No. 1 at 9). While so employed, plaintiff claims that he was subjected to adverse actions on account of his race. These actions consisted of "harassment, denial of several promotions, bullying, and retaliation for complaining" about race discrimination. As a result of these actions, plaintiff states that he was constructively discharged between August 9, 2019 and August 23, 2019.

On June 4, 2020, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC). (Docket No. 1-1 at 1). In the charge, he alleged discrimination based on his race, as well as retaliation.

Attached to the complaint is a dismissal from the EEOC, as well as a notice of plaintiff's right to sue. (Docket No. 1-1 at 2). The notice appears to have been sent to plaintiff on August 12, 2020. Plaintiff filed the instant action on November 12, 2020.

## Discussion

As noted above, plaintiff is a self-represented litigant who brings this Title VII action against the MHDC for employment discrimination. For the reasons discussed below, the Court will direct the Clerk of Court to issue process on the MHDC.

**A. Exhaustion**

The purpose of Title VII is to ensure a workplace environment free of discrimination. *Ricci v. DeStefano*, 557 U.S. 557, 580 (2009). The act prohibits "employer discrimination on the basis of race, color, religion, sex, or national origin, in hiring, firing, salary structure, promotion and the like." *Winfrey v. City of Forrest City, Ark.*, 882 F.3d 757, 758 (8th Cir. 2018).

Before filing an action under Title VII in federal court, a plaintiff must first exhaust his or her administrative remedies. *Lindeman v. Saint Luke's Hosp. of Kansas City*, 899 F.3d 603, 608 (8th Cir. 2018). *See also Brooks v. Midwest Heart Grp.*, 655 F.3d 796, 800 (8th Cir. 2011) (stating

that "Title VII establishes an administrative procedure which a complaining employee must follow before filing a lawsuit in federal court"). A Title VII claimant is required to demonstrate good faith participation in the administrative process in order to exhaust his or her administrative remedies. *Briley v. Carlin*, 172 F.3d 567, 571 (8th Cir. 1999). "To exhaust administrative remedies an individual must: (1) timely file a charge of discrimination with the EEOC setting forth the facts and nature of the charge and (2) receive notice of the right to sue." *Rush v. State of Arkansas DWS*, 876 F.3d 1123, 1125 (8th Cir. 2017).

Here, plaintiff has attached a copy of the charge of discrimination that he filed with the EEOC. (Docket No. 1-1 at 1). The charge contains the same allegations that are presented in his complaint. Plaintiff has also attached a "Dismissal and Notice of Rights" issued by the EEOC, which states that the EEOC investigated the matter and was "unable to conclude that the information obtained establishes violations of the statutes." (Docket No. 1-1 at 2). This notice also gives plaintiff ninety days to file suit in federal court. Based on the above, plaintiff has demonstrated exhaustion of administrative remedies for purposes of initial review.

**B. Timeliness**

A plaintiff in a Title VII action has ninety days from receipt of the right-to-sue letter to file a civil action. 42 U.S.C. § 2000e-5(f). The ninety-day period represents a limitations period that bars suits that are not filed within that time. *Hales v. Casey's Mktg. Co.*, 886 F.3d 730, 736 (8th Cir. 2018). "Generally, the ninety-day filing period begins to run on the day the right to sue letter is received at the most recent address that a plaintiff has provided the EEOC." *Hill v. John Chezik Imps.*, 869 F.2d 1122, 1124 (8th Cir. 1989). The presumption is that the plaintiff will receive notice three days after the mailing date. *Hales*, 886 F.3d at 736.

4

In this case, plaintiff has attached a right to sue letter providing that he must file suit within ninety days of his "receipt of this notice." The letter is dated August 12, 2020. The presumption is that plaintiff received this letter three days later, on August 15, 2020. From that point, he had ninety days in which to timely file this action. This gave plaintiff until November 13, 2020 to file. Plaintiff filed this action on November 12, 2020, before the expiration of the ninety-day period.

### C. Service Order

Because plaintiff has demonstrated that he exhausted his administrative remedies, and because he has filed the instant action within ninety days of receiving notice of his right to sue, the Clerk of Court will be directed to issue process on defendant MHDC as to plaintiff's Title VII claim.

### D. Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. (Docket No. 3). In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court will entertain future motions for appointment of counsel as the case progresses, if appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**. *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 3) is **DENIED** at this time.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to issue process or cause process to issue on defendant Missouri Housing Development Commission, care of Chairman Jeffrey S. Bay, 505 N. 7th Street, Suite 2000, St. Louis, Missouri 63101.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to issue process or cause process to issue on Governor Michael L. Parson, Office of the Governor, P.O. Box 720, Jefferson City, Missouri 65102.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to issue process or cause process to issue on Attorney General Eric Schmitt, Missouri Attorney General's Office, Supreme Court Building, 207 W. High St., P.O. Box 899, Jefferson City, Missouri 65102.

SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 17th day of November, 2020.