**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| EUGENE A. SCURLOCK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20-CV-01614-SPM |
| | ) | |
| MISSOURI HOUSING DEVELOPMENT COMMISSION, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on five motions filed by Plaintiff after the Court's dismissal of this action: (1) Plaintiff's Motion for Extension of Time to Refile Claims That Were Dismissed Without Prejudice (Doc. 28); (2) Plaintiff's Motion to Refile Claims of Hostile Work Environment, Constructive Discharge, and Retaliation that were Dismissed Without Prejudice (Doc. 34); (3) Plaintiff's Motion for Extension of Time to Appeal and File Briefs and Claims that Were Dismissed with Prejudice (Doc. 27); (4) Plaintiff's Motion for Appeal on Denial of Default judgment and Summary Judgment (Doc. 32); and (5) Plaintiff's Motion for Appeal for Failure to Promote Claim (Dismissed With Prejudice) (Doc. 33). The motions have been fully briefed, and the parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 13). For the following reasons, all five motions will be denied.

**I.   BACKGROUND**

On November 12, 2020, Plaintiff Eugene Scurlock, who is self-represented, filed his complaint in this case, alleging several employment discrimination claims against Defendant

Missouri Housing Development Commission. On January 11, 2021, Defendant filed a motion to dismiss the case. On January 27, 2021, Plaintiff filed a Motion for Summary and Default Judgment. On May 14, 2021, the Court granted Defendant's motion to dismiss, dismissing Plaintiff's failure-to-promote claims with prejudice because they were untimely and dismissing his hostile work environment, constructive discharge, and retaliation claims without prejudice because he had not alleged sufficient facts to state a claim. The Court also denied Plaintiff's Motion for Summary Judgment and Default Judgment. The same day, the Court entered an Order of Dismissal. Subsequently, Plaintiff filed several motions directed toward obtaining leave to re-file the claims that were dismissed without prejudice and to appeal, out of time, the claims that were dismissed with prejudice and the denial of his motion for summary judgment and default judgment; the motions are addressed below.

## II.   DISCUSSION

### A. Plaintiff's Motions to Refile Claims That Were Dismissed Without Prejudice

On June 14, 2021, Plaintiff filed a Motion for Extension of Time to Refile Claims That Were Dismissed Without Prejudice (Doc. 28), stating that he was requesting "an extension of time of an extra thirty days to refile" his hostile work environment, constructive discharge, and retaliation claims, because he was seeking an attorney to represent him. No proposed amended complaint was attached, and Plaintiff did not state what new facts he would allege if he were to re-file. Defendant filed an opposition to this motion, arguing that the court's order of dismissal constituted a final judgment, such that plaintiff has to either file a new case or satisfy the requirements of Rule 59(e) or 60(b), and that he did not satisfy the requirements of either rule. Plaintiff did not file a reply.

On July 15, 2021, Plaintiff filed another motion seeking similar relief—the Motion to

2

Refile Claims of Hostile Work Environment, Constructive Discharge, and Retaliation that were Dismissed Without Prejudice. (Doc. 34). Again, Plaintiff did not attach a proposed amended complaint, though he did include a lengthy narrative describing his claims. Defendant again filed an opposition, arguing that Plaintiff had still not established any reason to justify relief from the Court's final judgment. Again, Plaintiff did not file a reply.

Although it is not entirely clear what relief Plaintiff seeks, the Court construes these two motions as motions for leave to amend his complaint with respect to the hostile work environment, constructive discharge, and retaliation claims. As a general matter, under Federal Rule of Civil Procedure 15(a)(2), "[t]he court should freely give leave [to amend a complaint] when justice so requires," Fed. R. Civ. P. 15(a)(2). However, the Eighth Circuit has "repeatedly explained that '[a] motion for leave to amend after dismissal is subject to different considerations than a motion prior to dismissal.'" *In re SuperValu, Inc.*, 925 F.3d 955, 961 (8th Cir. 2019) (quoting *Mountain Home Flight Serv., Inc. v. Baxter Cty.*, 758 F.3d 1038, 1045 (8th Cir. 2014)). After a dismissal order is entered, the plaintiff must "seek vacation of the judgment under Rules 59 and 60[b] and offer an amended complaint in place of the dismissed complaint." *United States v. Mask of Ka-Nefer-Nefer*, 752 F.3d 737, 742 (8th Cir. 2014) (internal quotation marks omitted). After entry of judgment, or a dismissal of the entire action that was intended to be a final appealable order, "leave to amend a pleading will be granted only 'if it is consistent with the stringent standards governing the grant of Rule 59(e) and Rule 60(b) relief.'" *In re Supervalu*, 925 F.3d at 961 (quoting *Mask of Ka-Nefer-Nefer*, 752 F.3d at 743). "Even if a dismissal is without prejudice, if the court intended the decision to be a final, appealable order, it constitutes dismissal of the entire action, and the more stringent postjudgment standards apply." *Id.*

3

Rule 59(e) permits a party to file "a motion to alter or amend a judgment," and such a motion "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "Rule 59(e)'s 28–day time limit may not be extended," and "a district court lacks jurisdiction over an untimely Rule 59(e) motion." *Mask of Ka-Nefer-Nefer*, 752 F.3d at 743. *See also* Fed. R. Civ. P. 6(b)(2)) ("A court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b).") Plaintiff filed his initial motion for extension of time to refile claims that were dismissed without prejudice on June 14, 2021—31 days after the order of dismissal was entered. Thus, to the extent that Plaintiff seeks relief under Rule 59(e), the motion is untimely and must be denied.

Rule 60(b) provides that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within "a reasonable time." Fed. R. Civ. P. 60(c)(1). To obtain relief under Rule 60(b), the moving party must show "exceptional circumstances" warranting "extraordinary relief." *Mask of Ka-Nefer-Nefer*, 752 F.3d at 743. "Rule 60(b) was not intended as a substitute for a direct appeal from an erroneous judgment." *Id.* (quoting *Spinar v. S.D. Bd. of Regents*, 796 F.2d 1060, 1062 (8th Cir. 1986)).

To the extent that Plaintiff seeks relief under Rule 60(b), the Court finds that Plaintiff has not shown any basis for obtaining such relief. Plaintiff has not even attempted to argue that any of the circumstances outlined in Rule 60(b) are present, nor has he attempted to explain any exceptional circumstances that warrant relief here. Moreover, it appears to the Court that all of the facts alleged in Plaintiff's post-dismissal motions could have been alleged earlier, and Plaintiff offers no reason why he did not include them in his original complaint or in a timely Rule 59(e) motion. In addition, Plaintiff does not explain how the new facts he discusses would cure the deficiencies articulated in the Court's order of dismissal. Finally, the Court also notes that Plaintiff has not submitted a proposed complaint—a deficiency that, standing alone, may justify denying leave to amend. *See Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008) ("We have held . . . that granting leave to amend a complaint where the plaintiff has not submitted a proposed amendment is inappropriate."). For all of these reasons, Plaintiff has not established that he is entitled to relief under Rule 60(b).

Because Plaintiff has not satisfied the standards of Rule 59(e) or Rule 60(b), his motions will be denied.

### B. Plaintiff's Motions for Extension of Time to File Appeal

On June 15, 2021, Plaintiff filed a Motion for Extension of Time to Appeal and File Briefs and Claims that Were Dismissed with Prejudice (Doc. 27). Defendant filed an opposition, arguing that Plaintiff had not satisfied the requirements for such a motion to be granted. Plaintiff did not file a reply. On July 15, 2021, Plaintiff filed a motion for Appeal on Denial of Default Judgment and Summary Judgment (Doc. 32) and a Motion for Appeal for Failure to Promote Claim (Dismissed With Prejudice) (Doc. 33), in which he asks for appellate review of these claims. Defendant again filed an opposition. Plaintiff did not file a reply.

The time for filing a notice of appeal is governed by Federal Rule of Appellate Procedure 4(a)(1), which provides that a notice of appeal must be filed "within 30 days after the entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A).[1] "Compliance is mandatory and jurisdictional." *Gould v. Bond*, 1 F.4th 583, 588 (8th Cir. 2021). Because this Court entered its Order of Dismissal on May 14, 2021, Plaintiff's notice of appeal was due on Monday, June 14, 2021. Plaintiff did not file a notice of appeal by that date. He filed the instant motions on June 15, 2021, and July 15, 2021. The Court construes all three motions as motions for leave to file a notice of appeal out of time.

Under Federal Rule of Appellate Procedure 4(a)(5), the district court may extend the time to file a notice of appeal if the party filing the motion "shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5). "The good cause standard applies where there is no fault—excusable or otherwise—and the need for extension is usually occasioned by something that is not within the control of the movant." *Miller v. Missouri Dep't of Soc. Servs. Div. of Youth Servs.,* No. 4:13-CV-1102 NAB, 2015 WL 6955363, at *1 (E.D. Mo. Nov. 10, 2015) (citing advisory committee notes to 2002 amendment to Fed. R. App. P. 4(a)(5)). "The excusable neglect standard applies in situations in which there is fault; in such situations, the need for an extension in usually occasioned by something within the control of the movant." *Id.* Here, the only reason Plaintiff offers for his late filing is that he is a *pro se* litigant seeking an attorney to represent him in this matter. This is within the control of the movant, so the Court applies the excusable neglect standard.

The Eighth Circuit recently articulated the standard for analyzing excusable neglect in the

---

[1] This time may be extended by the filing of timely-filed Rule 59 motion or a Rule 60 motion filed within 28 days of entry of the judgment. Fed. R. Civ. P. 4(a)(4)(A). As discussed above, however, Plaintiff's post-dismissal motions were not timely under Rule 59 and were not filed within 28 days of entry of judgment.

context of a motion for leave to file an appeal out of time:

> We consider four circumstances relevant in determining whether neglect is excusable: "the danger of prejudice to the non-moving party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Lowry v. McDonnell Douglas Corp.,* 211 F.3d 457, 462 (8th Cir.), *cert. denied*, 531 U.S. 929 (2000), *quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993). The movant's reason for missing the deadline is "key to the analysis." *Id.* at 463. Excusable neglect may include "late filings caused by inadvertence, mistake, or carelessness." *Treasurer, Trs. of Drury Indus., Inc. Health Care Plan & Tr. v. Goding*, 692 F.3d 888, 893 (8th Cir. 2012) (quotation omitted). But "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable neglect.'" *Pioneer*, 507 U.S. at 392. Thus, in *Lowry*, we reversed the district court's grant of a time extension because it was based on excusable neglect that was nothing more than "garden-variety attorney inattention." 211 F.3d at 464.

*Gould v. Bond*, 1 F.4th 583, 588 (8th Cir. 2021). *See also Miller*, 2015 WL 6955363, at *1 ("[The four] factors do not carry equal weight and the excuse given for the late filing must have the greatest import. 'While prejudice, length of delay, and good faith might have more relevance in a closer case, the reason for delay factor will always be critical to the inquiry.'" *Id.* (quoting *Lowry*, 211 F.3d at 463).

Here, there is little evidence of prejudice, the delay is very short, and there is no evidence of bad faith. However, the most important factor—the reason for the delay—weighs against a finding of excusable neglect. The only reason Plaintiff offers for not filing a timely notice of appeal is that he is acting *pro se* and seeking representation. But Plaintiff has been proceeding *pro se* throughout this case and has filed numerous motions and other documents on his own behalf. He does not offer any explanation for why he could not file a notice of appeal while acting *pro se* as well. Moreover, *pro se* status, standing alone, does not suffice to show excusable neglect. *See, e.g.*, *McKenna v. St. Louis Cty. Police Dep't*, No. 4:09CV1113 CDP, 2010 WL 1944422, at *1 (E.D. Mo. May 12, 2010)(denying *pro se* litigant's motion for an extension to file his notice of appeal

7

under Fed. R. App. P. 4(a)(5); noting that "plaintiff's *pro se* status does not relieve him from observing the Federal Rules of Civil and Appellate Procedure" and that plaintiff had filed other motions in the case); *Miller*, 2015 WL 6955363, at *1 (finding no excusable neglect and denying a *pro se* plaintiff's motion for leave to file a notice of appeal out of time; noting that "even pro se litigants must comply with court rules and directives.") (quoting *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005)).

For all of the above reasons, the Court finds no excusable neglect, and Plaintiff's motions for leave to file a notice of appeal out of time will be denied.

### III. CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Extension of Time to Refile Claims That Were Dismissed Without Prejudice (Doc. 28) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Refile Claims of Hostile Work Environment, Constructive Discharge, and Retaliation that were Dismissed Without Prejudice (Doc. 34) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Extension of Time to Appeal and File Briefs and Claims that Were Dismissed with Prejudice (Doc. 27) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appeal on Denial of Default judgment and Summary Judgment (Doc. 32) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appeal for Failure to Promote Claim (Dismissed With Prejudice) (Doc. 33) is **DENIED.**

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 28th day of March, 2022.